**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

ELMORE S. WELCH, JR.,          *
                              *
    Plaintiff,            *
                              *
vs.                           *     CIVIL ACTION NO. 18-00220-B
                              *
PEN AIR FEDERAL CREDIT UNION, *
                              *
    Defendant.            *

<u>ORDER</u>

This action is before the Court on review following the Court's *sua sponte* issuance of a show cause order directing the parties to address whether subject matter jurisdiction exists in this case (Doc. 40). While Defendant/Counterclaimant Pen Air Federal Credit Union filed a statement regarding subject matter jurisdiction (Doc. 42) in response to the Court's order, no response has been filed by Plaintiff/Counter-Defendant Elmore S. Welch, Jr., who is proceeding *pro se*. For the reasons set forth below, the Court finds that subject matter jurisdiction is lacking. Accordingly, this matter is due to be **DISMISSED** without prejudice.

**I.   BACKGROUND**

On May 10, 2018, Plaintiff Elmore S. Welch, Jr. ("Welch"), proceeding *pro se*, filed a complaint and a motion to proceed

without prepayment of fees.   (Docs. 1, 2).   The factual

allegations of Welch's original complaint[1] are as follows:

> Before this Court a fraudulent contract took place
> with this Bank Corporation that is licensed in the
> State of Florida.   My Attorney that I was using in
> this matter to pursue my purchase contract is also
> licensed in Florida.
>
> On 6/15/2017, I purchased a truck.   The list price was
> 21,000.00.   3,000.00 was put down and 500.00 went
> towards full coverage insurance for 6 months at 84.00
> a month.
>
> Pen Air Bank Corp. removed my contract out of my
> buying package when they made copies after I signed
> for 242.00 dollars and 100.00 for an extended warranty
> contract.   That contract was 20,060.00 dollars.   After
> I left the bank they mailed a contract to me for an
> additional 442.00 that I didn't sign for, making the
> total contract equaling to 29,528.00, fraudulently
> signing my name.
>
> I contacted Attorney Dana Brook Cooper to act on my
> behalf to obtain my contract policy in which she
> failed to do by not suing Pen Air Bank Corp. for
> fraud, signing my name to their made-up contract.
>
> Pen Air Bank made up that contract for this truck at a
> rate of 937.00 a month after 2,200.00 was already paid
> by me for the truck.   The balance for the truck is
> 25,528.00 dollars.   The more I pay, the more they add
> and the agreed amount was for 20,060.00 dollars.   Dana
> Brook Cooper wanted me to continue paying for the
> truck without a contract as she stated on her letter
> mailed to me.

(Doc. 1 at 1).   Welch attached to his complaint various

documents, including correspondence between him and attorney

---

[1] Welch titled his initial complaint "Motion Court Complaint for
a Diversity Jurisdiction Case."   The caption of Welch's
complaint listed "Pen Air Bank Corporation, Dana Brook Cooper
Attorney at Law, Etc." as the Defendants.   (Doc. 1 at 1).

2

Dana Brooks Cooper, a letter presumably sent by attorney Cooper to Pen Air Federal Credit Union on Welch's behalf, an automobile purchase agreement, copies of checks or money orders from Pen Air Federal Credit Union to Chris Carroll Automotive, insurance documents, loan documents, and correspondence from Pen Air Federal Credit Union to Welch.  (Doc. 1 at 2-32).

The Court granted Welch's motion to proceed without prepayment of fees on May 25, 2018.  (Doc. 3 at 1).  Having granted Welch *in forma pauperis* status, the Court proceeded to review his complaint under 28 U.S.C. § 1915(e)(2).[2]  In an order dated May 25, 2018 (Doc. 3), the Court observed that it was not clear what, if any, basis for federal jurisdiction exists in this case and that while Welch mentioned diversity jurisdiction, he did not allege the states of which he and the Defendants were citizens, nor did he allege the amount in controversy.  (Id. at

---

[2] Section 1915(e)(2) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal—
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be granted; or
>>> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

4).  Thus, Welch was ordered to file an amended complaint, prior to service of process, setting forth facts in support of his assertion of diversity jurisdiction.  (Id.).

On June 1, 2018, Welch filed an amended complaint using a Court complaint form as a template, and he alleged the following:

(Grounds for jurisdiction)

1.    Rule 28 USC Section 1332
      Banks are bonded by (FDIC)

(Show plaintiff's name(s) and residence or address)

2.    Elmore S. Welch Jr.
      [address omitted by the Court][3]

(Show defendant(s) name(s) and address(es))

3.    Pen Air Bank Corporation etc al.
      1495 E. Mile Rd
      Pensacola Fla 32514

(State briefly your legal claim or your reason for filing suit.  Include the statue under which the suit is filed.)

4.    Banks are FDIC bonded, when banks fraud aganish there coustmer's it excess a truck noted, and $75,000.00 [sic]

(Give a brief, concise statement of the specific facts involved in your case)

5.    My contract I sign for was remove from my buying packing of $242 a month to $442 month

---

[3] Welch listed a street address, but not a city or state.  His earlier filing listed an Atmore, Alabama address.

(State the relief you are requesting.)

6.  $250,000 that insurance by (FDIC) for taking my
truck, changing my contract and fraud my name on a
different contract, to make over $10,000.000 profit.

(Doc. 4 at 1-2)

Welch also attached an additional handwritten page to his
amended complaint, wherein he stated:

> Before Court a Case has taking place contain to a
> Diversity jursdiction Laws of Rules enter by Law, to
> remain for the U.S. District Court the Laws, under
> Litter Tucker Act, are 28 USC § 1346 and Contract
> Disputes Act, of 41 USC § 7101, 28 USC § 1346(a)(2)
> The Federal Courts do not have jursdiction to act on
> these Laws.  Tucker Act Law is a differant matter of
> Rules provide under 28 USC § 1491, 28 USC § 754 and
> 959(a) 18 USC § 1344 Section 1344 18 USC § 656 and 657
> 28 USC § 1332 are Laws stated before this Court. [sic]

(Id. at 4).

On July 31, 2018, Pen Air Federal Credit Union[4] ("Pen Air"),
filed an answer to Welch's amended complaint.  (Doc. 10).  Pen
Air requested and was granted permission to file an amended
answer and counterclaim, and filed such on December 11, 2018.
(Docs. 27, 30, 31).  In both Pen Air's answer and amended answer,
it asserted as an affirmative defense "that this Court lacks
subject matter jurisdiction over this case as Plaintiff has
failed to adequately plead the amount in controversy required by

---

[4] Pen Air averred that it had been improperly named as "Pen Air
Bank Corporation" in Welch's complaints.  (Doc. 10 at 1).

28 U.S.C. § 1332." (Doc. 10 at 2; Doc. 31 at 2). In its counterclaim, Pen Air asserted a breach of contract claim against Welch. (Doc. 31 at 4-6).

Upon review of Pen Air's motion for summary judgment and the other filings in this case, the undersigned again questioned whether there was subject matter jurisdiction over the case. As a result, on June 21, 2019, the Court ordered Welch, as the party alleging federal jurisdiction, to show cause, on or before August 5, 2019, as to whether subject matter jurisdiction existed. (Doc. 40). The Court also ordered Pen Air to set forth its position as to whether the Court is permitted or required to exercise jurisdiction over Pen Air's counterclaim in the event of a determination by the Court that it lacks subject matter jurisdiction over Welch's claims. (Id. at 9-10). Welch failed to respond to the Court's show cause order. In its response, Pen Air asserted that if the Court lacks subject matter jurisdiction over Welch's claims, then the Court also lacks subject matter jurisdiction over Pen Air's counterclaim. (Doc. 42).

## II.  SUBJECT MATTER JURISDICTION REVIEW

Federal courts are courts of limited jurisdiction. As a result of this limitation, federal district courts have the obligation to ensure that subject matter jurisdiction exists.

6

Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) ("Federal courts 'are obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking.'") (quoting Galindo-Del Valle v. Att'y Gen., 213 F.3d 594, 599 (11th Cir. 2000)); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) (federal courts are courts of limited jurisdiction and must examine their subject matter jurisdiction notwithstanding the presence of other motions pending before the court). "As the Federal Rules of Civil Procedure state, 'If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.'" Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1337 (11th Cir. 2013) (quoting Fed. R. Civ. P. 12(h)(3)); see also Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) ("[O]nce a court determines that there has been no grant [of jurisdiction] that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction.").

"In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997),

cert. denied, 525 U.S. 841 (1998).  Two main statutes confer original jurisdiction on the district courts.  The first is 28 U.S.C. § 1331, which provides a federal forum "in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States."  Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005).  The second is 28 U.S.C. § 1332, which "provide[s] a neutral forum for what have come to be known as diversity cases, [that is] civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens."  Id.  "To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000."  Id.  If jurisdiction is based on either federal question or diversity jurisdiction, "the pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include 'a short and plain statement of the grounds upon which the court's jurisdiction depends.'"  Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (quoting Fed. R. Civ. P. 8(a)).

The Court notes Welch's *pro se* status and consequently gives his pleadings a liberal construction, holding them to a more lenient standard than those drafted by an attorney.  See

Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  However, "this leniency does not permit the district court to act as counsel for a party or to rewrite deficient pleadings."  Lampkin-Asam v. Volusia Cnty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008) (per curiam) (citing GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998, overruled on other grounds by Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010)).

## III. ANALYSIS

As noted, Welch apparently contends that federal subject matter jurisdiction exists based on (1) diversity of citizenship, and (2) the fact that "banks are bonded by (FDIC)."  (See Doc. 4 at 1).  Welch appears to rely primarily on diversity of citizenship as the basis for jurisdiction.  However, since Welch mentions FDIC deposit insurance as a basis for federal jurisdiction and lists multiple federal statutes, the undersigned will address the applicability of both diversity jurisdiction and federal question jurisdiction.

### A.   Diversity of Citizenship Jurisdiction

A district court has federal diversity jurisdiction over any civil case if the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  28 U.S.C. § 1332(a).  In his amended

complaint, Welch alleges that the Court has jurisdiction under § 1332, and he requests the following relief: "$250,000 that insurance by (FDIC) for taking my truck, changing my contract and fraud my name on a different contract, to make over $10,000.000 profit." (Doc. 4 at 1-2). As noted *supra*, Pen Air has asserted that Welch has failed to adequately establish the amount in controversy (Doc. 10 at 2; Doc. 31 at 2), and although the Court ordered Welch to show cause as to whether subject matter jurisdiction exists (see Doc. 40), Welch has failed to respond to the Court's order.

As an initial matter, a pleader — even one proceeding *pro se* — must affirmatively allege facts demonstrating the existence of diversity jurisdiction. See Taylor, 30 F.3d at 1367 (affirming district court's finding that it did not have subject matter jurisdiction based on diversity when the *pro se* plaintiff alleged his own state of citizenship but did "not allege the citizenship of the natural defendants or the principal place of business for the corporate defendants"). Such allegations "must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." Travaglio v. Am. Exp. Co., 735 F.3d 1266, 1268 (11th Cir. 2013). "Without such allegations, district courts are constitutionally obligated to dismiss the action altogether

if the plaintiff does not cure the deficiency." Id.  However, the Court may look to the whole record to cure a defective allegation of citizenship, "and if the requisite citizenship is anywhere expressly averred in the record, or facts are therein stated which, in legal intendment, constitute such allegation, that is sufficient." Sun Printing & Publ'g Ass'n v. Edwards, 194 U.S. 377, 382 (1904); but see Travaglio, 735 F.3d at 1270 (holding that a plaintiff's unsworn statement about her citizenship was inadequate to cure her deficient allegations of citizenship).

Although Welch's pleadings are not models of clarity, Welch arguably asserts, *abeit* in an attachment to his IFP motion rather than in his complaints, that he is a citizen of Alabama and Pen Air is a citizen of Florida.  (See Doc. 5 at 5).  While Pen Air has not disputed Welch's assertion, Pen Air asserts in its corporate disclosure statement that it "is a credit union organized under the laws of the State of Florida with a principal place of business in Pensacola, Florida owned by its members." (Doc. 15 at 1).  The undersigned notes that a credit union that is chartered pursuant to federal law is not a citizen of any state for diversity jurisdiction purposes unless the corporation's activities are "sufficiently 'localized' in one

state."[5]  *Loyola Fed. Sav. Bank v. Fickling*, 58 F.3d 603, 606 (11th Cir. 1995); *see Feuchtwanger Corp. v. Lake Hiawatha Fed. Credit Union*, 272 F.2d 453 (3d Cir. 1959).  However, as noted, Pen Air asserts that it "is a credit union organized under the laws of the State of Florida" and "owned by its members."  (Doc. 15 at 1).[6]  If a credit union is organized under state law, then "[t]he precise question posed under the terms of the diversity statute is whether such an entity may be considered a 'citizen' of the State under whose laws it was created."  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).  For a non-corporate entity such as Pen Air, organized under state law, diversity jurisdiction "depends on the citizenship of 'all the members,' 'the several persons composing such association,' 'each of its members.'"  *Id.* at 195-96 (internal citations omitted); *see also id.* at 195 (rejecting proposition that a "court may consult the citizenship of less than all of [an artificial] entity's members" when determining diversity of citizenship concerning non-

---

[5] A variety of factors are relevant to the inquiry of whether a federal corporation is localized for diversity purposes, "such as the corporation's principal place of business, the existence of branch offices outside the state, the amount of business transacted in different states, and any other data providing evidence that the corporation is local or national in nature."  *Fickling*, 58 F.3d at 606.

[6] The Florida Credit Union Act states that "[a] credit union is a cooperative, nonprofit association . . . ."  Fla. Stat. § 657.003.

corporate entities formed under state law); <u>Hettenbaugh v. Airline Pilots Ass'n Int'l</u>, 189 F.2d 319, 320 (5th Cir. 1951)[7] ("It is well settled that, for the purposes of federal jurisdiction, an unincorporated association is not a citizen of any particular state in its own right, but that the actual citizenship of its members is determinative.").

Welch, as the party who is attempting to invoke the jurisdiction of this court, has the burden of establishing federal jurisdiction. However, Welch has made no allegation as to the residence or citizenship of Pen Air's members, nor is there anything in the record establishing the citizenship of Pen Air's members. <u>See</u> <u>Hettenbaugh</u>, 189 F.2d at 320 ("We are of the opinion that the complaint does not have a sufficient showing of diversity of citizenship or of a federal question to warrant a federal court in taking jurisdiction. No diversity of citizenship is alleged. All that is stated in the complaint is that the plaintiffs are citizens of Florida, and that the defendant is a voluntary unincorporated association existing under the laws of Illinois, with its domicile in the City of Chicago. No allegation is made as to the residence or citizenship of the members of the unincorporated association.");

---

[7] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

E-Z Pack Mfg., LLC v. RDK Truck Sales & Serv., Inc., 2010 WL 11629317, at *1 (M.D. Fla. Oct. 26, 2010) ("In the case of an unincorporated association, the plaintiff must indicate the citizenship of each of its members."); Hello Network, Inc. v. CityGrid Media, LLC, 2014 U.S. Dist. LEXIS 85264, at *1, 2014 WL 12696771, at *1 (C.D. Cal. June 23, 2014) ("A partnership, limited liability company, or other unincorporated association is joined as a party. The court must consider the citizenship of each of the partners, including limited partners, or members. The citizenship of each of the entity's partners or members must therefore be alleged."). Although provided opportunities to meet his burden, Welch has failed to provide these key jurisdictional facts with respect to the citizenship of Pen Air. Thus, he has failed to establish the existence of diversity jurisdiction.[8]

## B.  Federal Question Jurisdiction

To the extent Welch makes vague references to federal law in his pleadings, such fleeting fragments are not sufficient to show federal question jurisdiction. Merely mentioning a constitutional provision or a federal statute, without providing factual detail that is comprehensible, is not sufficient to

---

[8] It is also questionable whether Welch has asserted damages in excess of the threshold required for the exercise of diversity jurisdiction.

establish federal question jurisdiction. Federal question jurisdiction "may be based on a civil action alleging a violation of the Constitution, or asserting a federal cause of action established by a congressionally created expressed or implied private remedy for violations of a federal statute." Jairath v. Dyer, 154 F.3d 1280, 1282 (11th Cir. 1998). Also, "in limited circumstances, federal-question jurisdiction may also be available if a substantial, disputed question of federal law is a necessary element of a state cause of action." Id. A claim alleged to arise under federal law may be dismissed for lack of subject matter jurisdiction if: "(1) 'the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction'; or (2) 'such a claim is wholly insubstantial and frivolous.'" Blue Cross & Blue Shield of Ala. v. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). A claim is "wholly insubstantial and frivolous" so as to warrant dismissal for lack of subject matter jurisdiction only "if the claim 'has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim.'" Sanders, 138 F.3d at 1352 (quoting Barnett v. Bailey, 956 F.2d 1036, 1041 (11th Cir. 1992)).

In this case, Welch asserts that "[b]anks are bonded by (FDIC)" as grounds for federal jurisdiction. (Doc. 4 at 1). However, the mere fact that certain banks are insured by the FDIC does not in itself confer subject matter jurisdiction on a federal district court in a case in which a bank (or credit union) is a party. See Atkins-Payne v. Dime Sav. Bank, 2015 U.S. Dist. LEXIS 107399, at *9, 2015 WL 4882495, at *3 (E.D.N.Y. Aug. 14, 2015) ("The fact that the banks are insured by the FDIC is equally unavailing as a basis for a private right of action against them or their employees. Even if Atkins-Payne had pointed to a particular FDIC regulation allegedly breached by the banks-and she has not-that breach would not create a private right of action in federal court against them (other than, perhaps, for an insurance claim after a bank failure). With respect to plaintiff's core claim-the alleged misappropriation of the proceeds of rent checks-the amended complaint cannot conjure a federal question basis for subject matter jurisdiction.").

Further, Welch lists many federal statutes; however, it is extremely difficult to ascertain which, if any, he relies upon to provide a cause of action or confer federal question jurisdiction. Indeed, Welch's amended complaint merely lists multiple statutes, without context or intelligible explanation.

16

That is simply not adequate to establish a federal question
under the well-pleaded complaint rule. See Butler v. Morgan,
562 F. App'x 832, 835 (11th Cir. 2014) (per curiam) ("The sole
reference to federal law in the amended complaint—a single
footnote citation listing, without context or elaboration,
various constitutional amendments—is inadequate to demonstrate a
federal question under the well-pleaded complaint rule.
Moreover, the attached copies of 18 U.S.C. §§ 241 and 242 are
similarly unavailing, and are, in any event, inapplicable
because they are criminal statutes that do not provide a civil
cause of action or any civil remedy."); Richardson v. Park
Soleil Vacation Owners Ass'n, 2017 U.S. Dist. LEXIS 204856, at
*2-3, 2017 WL 6373924, at *1 (M.D. Fla. Dec. 13, 2017)
("Plaintiff begins her Amended Complaint by listing various
federal statutes but never connects them to Defendants' alleged
wrongdoing. Plaintiff goes on to claim that Defendants are 'in
violation of FICO,' but, again, fails to explain how. Such
conclusory allegations, without more, fail to state a claim
arising under federal law and are therefore insufficient to
establish federal question jurisdiction.").

While Welch's mere listing of federal statutes is not
sufficient to establish federal question jurisdiction, the Court
will, out of an abundance of caution, examine each of the listed

17

statutes to determine whether any of them might provide a specific jurisdictional grant or basis for federal question jurisdiction in this case.

Welch first cites the "Litter Tucker Act" (presumably the Little Tucker Act, 28 U.S.C. § 1346(a)(2)).[9]  However, the Little Tucker Act only "gives the district courts original jurisdiction, concurrent with that of the Claims Court, over non-tort statutory civil actions against the *United States* for claims which do not exceed $10,000 in amount." Parker v. King, 935 F.2d 1174, 1176 (11th Cir. 1991) (emphasis added); see also 32A Am. Jur. 2d Federal Courts § 905 ("A suit may be maintained under the Little Tucker Act . . . only if the United States is a party defendant.").  Because the United States is not a party to this action, this Court does not have jurisdiction under 28

---

[9] The Little Tucker Act grants federal district courts concurrent jurisdiction for non-tort claims for money damages under $10,000 against the United States.  The Little Tucker Act provides, in relevant part:

> The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of: . . . (2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort . . . .

28 U.S.C. § 1346(a)(2).

U.S.C. § 1346.  See Atl. Richfield Co. v. F.T.C., 398 F. Supp. 1, 7 (S.D. Tex. 1975) (holding that "jurisdiction is not proper under 28 U.S.C. § 1346 because the United States is not a party to this action"), aff'd, 546 F.2d 646 (5th Cir. 1977);  Harbolt v. Carpenter, 536 F.2d 791, 792 (8th Cir. 1976) ("Jurisdiction under 28 U.S.C. s 1346 was similarly rejected for failure of the plaintiffs to join the United States as a party.  We affirm the District Court's resolution of these jurisdictional claims on the basis of its unpublished opinion."); accord Davis v. Ryan Oaks Apartment, 357 F. App'x 237, 238 (11th Cir. 2009) (per curiam) (finding that plaintiff's amended complaint against a private defendant did not allege federal question jurisdiction despite mentioning "28 U.S.C. § 2671 et seq., [because] that provision concerns the Federal Tort Claims Act, 28 U.S.C. § 1346, which only provides an avenue for bringing tort claims against the United States, one of its agencies, or certain federal employees").  Accordingly, the Little Tucker Act is inapplicable to this case.

Welch also cites the Tucker Act, 28 U.S.C. § 1491.  The Tucker Act states, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for

liquidated  or  unliquidated  damages  in  cases  not
sounding in tort.

28 U.S.C. § 1491(a)(1).  Under the Tucker Act, federal district
courts  lack  subject  matter  jurisdiction  to  consider  non-tort
claims for money damages in excess of $10,000 against the United
States.  See Brott v. United States, 858 F.3d 425, 429 (6th Cir.
2017) ("Together,  the  Tucker  Act  and  the  Little  Tucker  Act
operate  to  vest  in  the  Court  of  Federal  Claims  subject  matter
jurisdiction  to  consider  non-tort  claims  for  money  damages
against the United States in excess of $10,000."), cert. denied,
138  S.  Ct.  1324  (2018);  Vero  Tech.  Support,  Inc.  v.  United
States Dep't of Def., 437 F. App'x 766, 771 (11th Cir. 2011)
(per curiam) ("Accordingly, the [Court of Federal Claims] now
enjoys  exclusive  jurisdiction  over  Tucker  Act  claims.").   The
Tucker  Act  cannot  confer  subject  matter  jurisdiction  on  this
Court,  because  the  Court  of  Federal  Claims  has  exclusive
jurisdiction  over  Tucker  Act  claims  and,  moreover,  the  Tucker
Act  does  not  confer  jurisdiction  over  suits  against  private
parties.   See Machulas v. United States, 621 F. App'x 629, 632
(Fed. Cir. 2015) (affirming dismissal for lack of jurisdiction
because  the  Tucker  Act  does  not  provide  subject  matter
jurisdiction over claims against parties other than the United
States); Ambase Corp. v. United States, 61 Fed. Cl. 794, 796
(Fed. Cl. 2004) ("The Tucker Act does not grant this Court

jurisdiction over tortious claims, nor does it permit this Court to hear claims between private parties."); United States v. Sherwood, 312 U.S. 584, 588 (1941) (stating that the Tucker Act does not give the Court of Federal Claims jurisdiction for suits brought against private parties).

Welch also cites the Contract Disputes Act, 41 U.S.C. § 7101, *et seq.* That statute, however, governs disputes between the government and parties to government contracts; therefore, it is wholly inapplicable to the case at bar. See Vero Tech. Support, 437 F. App'x at 771 ("The Contract Disputes Act is a comprehensive scheme for the resolution of [a]ll claims by a contractor against the government relating to a contract.") (quotations omitted). It does not apply to disputes between private parties, nor does it create a private right of action between them. Baugh v. Reliance Ins. Co., 2008 U.S. Dist. LEXIS 46603, at *5, 2008 WL 2456704, at *2 (E.D. Pa. June 16, 2008). Thus, the Contract Disputes Act provides no basis for federal jurisdiction in this case.

Welch further cites 28 U.S.C. §§ 754 and 959(a), which are likewise inapplicable to this matter. There is no allegation or evidence that any party to this lawsuit was "[a] receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts . . . ."

See 28 U.S.C. § 754.   Section 959(a) provides for a limited "carrying on business" exception to the Barton doctrine, which requires a debtor to obtain leave of the bankruptcy court before initiating an action in district court against the trustee, receiver, or other bankruptcy-court-appointed officer for acts done in the actor's official capacity, and this limited exception is intended to "permit actions redressing torts committed in furtherance of the debtor's business . . . ." Carter v. Rodgers, 220 F.3d 1249, 1252, 1254-55 (11th Cir. 2000). Because Welch does not allege that Pen Air was appointed as trustee, receiver, or manager of his property, and because his allegations are not premised on an act or transaction of a fiduciary in carrying out Welch's business operations, § 959(a) does not apply to Welch's claims.

Welch also cites 18 U.S.C. §§ 656, 657, and 1344, but those statutes are criminal statutes which do not create a private civil right of action.   See Connell v. Regions Bank, 2007 U.S. Dist. LEXIS 47018, at *6-7, 2007 WL 1877677, at *2-3 (N.D. Fla. June 27, 2007) (dismissing case for lack of subject matter jurisdiction and finding that, although plaintiff suggested the defendant violated 18 U.S.C. §§ 656, 1005, and 1344 by engaging in bank fraud, misapplying bank funds, and making false entries in his bank records, plaintiff could "not bring a civil action

for violations of those statutes because they are criminal statutes, and none of them create a private right of action"), report and recommendation adopted, 2007 U.S. Dist. LEXIS 56302, 2007 WL 2214860 (N.D. Fla. Aug. 1, 2007); Campbell v. M&T Bank, 2017 U.S. Dist. LEXIS 41041, at *12-13, 2017 WL 1091939, at *5 (W.D. Pa. Mar. 22, 2017) (dismissing counts "for (1) bank fraud under 18 U.S.C. § 1344; [and] (2) theft, embezzlement, or misapplication by bank officer or employee under 18 U.S.C. § 656" because "the statutes upon which those counts are predicated do not provide a private right of action"); U.S. ex rel. Nagy v. Patton, 2012 U.S. Dist. LEXIS 70995, at *7-8, 2012 WL 1858983, at *2 (E.D. Pa. May 22, 2012) (holding that § 656 does not create an implied private right of action); Kwiatkowski v. Polish & Slavic Fed. Credit Union, 2011 U.S. Dist. LEXIS 142573, at *14-15, 2011 WL 6225390, at *5 (E.D.N.Y. Dec. 12, 2011), aff'd, 511 F. App'x 117 (2d Cir. 2013) (dismissing claim under 18 U.S.C. § 657 because it is a criminal statute and does not create a private civil cause of action); Fed. Sav. & Loan Ins. Corp. v. Reeves, 816 F.2d 130, 137 (4th Cir. 1987) (finding no basis for implying a civil cause of action from various federal criminal code provisions, including 18 U.S.C. § 657).[10]

---

[10] The only other federal statute cited by Welch is 28 U.S.C. § 1332, the diversity statute. (See Doc. 4 at 4).

As discussed above, the bevy of federal statutes cited by Welch — without intelligible elaboration — either do not apply to his claims, confer exclusive jurisdiction on another court, or are criminal code provisions that do not provide a private civil right of action. Thus, to the extent Welch's amended complaint can be construed either to allege a cause of action or the existence of federal question jurisdiction based on any of the aforementioned federal statutes, all such claims lack a plausible foundation and thus are wholly insubstantial and frivolous. For all the foregoing reasons, the Court concludes that Welch has failed to allege a substantial, nonfrivolous federal claim and, therefore, provides no basis for federal question jurisdiction in this case.

**C.   Supplemental Jurisdiction.**

The Court's only other possible jurisdictional basis over Welch's claim(s) is supplemental jurisdictional. When a district court has original jurisdiction over a civil action, the court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "[o]nly when the Court has original jurisdiction does it have 'supplemental jurisdiction'"

24

under § 1367.  <u>Jordan v. United States Dep't of Educ.</u>, 2018 U.S. Dist. LEXIS 183263, at *16, 2018 WL 5300199, at *6 (M.D. Fla. Oct. 4, 2018), <u>report and recommendation adopted</u>, 2018 U.S. Dist. LEXIS 182886, 2018 WL 5293011 (M.D. Fla. Oct. 25, 2018); <u>see also</u> <u>Herman Family Revocable Tr. v. Teddy Bear</u>, 254 F.3d 802, 805 (9th Cir. 2001) ("The statute's plain language makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it."); <u>Kinsey v. King</u>, 257 F. App'x 136, 138-39 (11th Cir. 2007) (per curiam) (finding that a federal claim that is insubstantial and frivolous cannot establish a basis for supplemental jurisdiction).  As Welch has failed to allege a substantial, nonfrivolous federal claim and has failed to adequately plead and prove the existence of diversity jurisdiction, this Court lacks original jurisdiction over his claims.  Accordingly, there is no basis for supplemental jurisdiction over any of Welch's claims.

### D. **Jurisdiction Over Pen Air's Counterclaim.**

"When a district court dismisses an action for lack of federal subject matter jurisdiction, it may nonetheless adjudicate a counterclaim presenting an independent basis for federal jurisdiction."  <u>La Gorce Country Club, Inc. v. Underwriters at Lloyd's of London</u>, 2009 U.S. Dist. LEXIS 122131,

at *4-5, 2009 WL 4927557, at *2 (S.D. Fla. Dec. 21, 2009).  "But it is apparent in those exceptional cases where a counterclaim may survive the jurisdictional failure of a complaint that at least three premises must exist.  Jurisdiction must exist within the scope of the allegations of the counterclaim; the claim made in the counterclaim must be independent of that made in the main case; and, lastly, affirmative relief must be sought."  <u>Mfrs. Cas. Ins. Co. v. Arapahoe Drilling Co.</u>, 267 F.2d 5, 8 (10th Cir. 1959).

Here, Pen Air's counterclaim contains a single count for breach of contract, which requests damages in the amount of $9,912.08 and only involves matters of state law.  Moreover, Pen Air makes no independent jurisdictional allegations in its counterclaim and, indeed, has asserted as an affirmative defense that this Court lacks federal subject matter jurisdiction over this case.  Thus, as Pen Air acknowledges, its counterclaim presents no independent basis for this Court's jurisdiction, and this Court cannot exercise supplemental jurisdiction over Pen Air's counterclaim.  <u>See</u> <u>Bernstein v. Howe</u>, 2018 U.S. Dist. LEXIS 219139, at *16-17, 2018 WL 4474646, at *6 (N.D. Ga. June 25, 2018), <u>report and recommendation adopted</u>, 2018 U.S. Dist. LEXIS 219136, 2018 WL 4473150 (N.D. Ga. July 27, 2018).

26

## IV.   CONCLUSION

For the reasons set forth above, this action is hereby **DISMISSED** without prejudice *sua sponte* for lack of subject matter jurisdiction.  As this dismissal is a "without prejudice" one, the merits of the parties' claims, if any, are not barred from further litigation in state or federal court by such order.[11]

**DONE** this **25th** day of **September, 2019.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] As best the Court can discern, it appears that Welch's claim accrued in Florida, which is where he purchased his car and obtained financing.  In Florida, a fraud action must be brought within four years of when the plaintiff discovers or should have discovered the facts giving rise to the claim. See Fla. Stat. §§ 95.11(3)(j) and 95.031(2)(A).  Florida has a five-year statute of limitations for breach of contract claims. Id. at 95.11(2)(b).